**FARAH LAW, P.C.**
Neda Farah (State Bar No. 269819)
8383 Wilshire Boulevard
Suite 510
Beverly Hills, California 90211
Telephone: 310-666-3786
Facsimile: 775-261-1726
E-Mail: neda@nedafarahlaw.com
*Attorney for the Plaintiff*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLINE FORONDA,<br><br>Plaintiff,<br><br>v.<br><br>RADIUS GLOBAL SOLUTIONS LLC,<br><br>Defendant. | Case No. **'20CV2417 BEN MSB**<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.**<br><br>**2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

NOW COMES Plaintiff, CAROLINE FORONDA ("Plaintiff"), by and through her attorneys, Farah Law, P.C., complaining as to the conduct of RADIUS GLOBAL SOLUTIONS LLC ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* and the Rosenthal Fair Debt

1

Collection Practices Act ("RFDCPA") pursuant to Cal. Civ. Code §1788 *et seq.*, for Defendant's unlawful conduct.

## JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for Plaintiff's state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of California and a substantial portion of the events or omissions giving rise to the claims occurred within the Southern District of California.

## PARTIES

4. Plaintiff is a disabled consumer over 18-years-of-age residing in San Diego County, California, which is located within the Southern District of California.

5. Defendant "is a leading provider of account recovery and debt collection, customer relationship management and healthcare revenue cycle management solutions."[1] Defendant is a third-party debt collector organized under the laws of the State of Minnesota, with its principal place of business and registered agent located

---

[1] https://www.radiusgs.com/about-us/

2

at 7831 Glenroy Road, Suite 250, Edina, Minnesota 55439. Defendant regularly collects from consumers in the State of California.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. The instant action arises out of Defendant's attempts to collect upon a purportedly outstanding consumer debt ("subject debt") said to be owed by Plaintiff.

8. The subject debt stems from a defaulted line of credit that Plaintiff originally obtained through *First Premier Bank* ("the original creditor").

9. After Plaintiff's purported default with the original creditor, the subject debt was assigned to Defendant for collection purposes.

10. On or about November 17, 2020, Defendant mailed, or caused to be mailed, to Plaintiff a collection letter seeking collection of the subject debt ("the Collection Letter").

11. The Collection Letter was the first written communication Plaintiff received from Defendant in connection with the subject debt.

12. The Collection Letter lists the subject debt (account ending in -1936) with a "Balance Due" of $546.87, as seen below:

```
Account(s) in our office:                                              Balance Due:
Creditor:          First Premier Bank          Account #:              $546.87
Debt Description:                              51780*******1936
CREDIT CARD BALANCE
                                               If you are unable to remit the total balance for the Account(
```

13. Plaintiff was confused by the Collection Letter, as she did not recall owing this precise amount to the original creditor.

14. In an effort to ascertain additional information regarding the subject debt, in December 2020, Plaintiff accessed Defendant's website (https://paymentportal.radiusgs.com/login) ("Defendant's Portal").

15. Plaintiff entered her personal information and was directed to her "Account Information," which listed the subject debt with the same account number ending in -1936.

16. Plaintiff was taken aback, however, when she noticed that Defendant's Portal was listing the subject debt with a "Total Balance Due" of $1,093.74, as seen below:

| Account Information | |
|---|---|
| Account Holder's Name | FORONDA, CAROLINE |
| Creditor's Name | First Premier Bank |
| Account Number | *************1936 |
| Total Balance Due | $1,093.74 |
| Last Payment Date | |
| Enrolled Plans | N/A |

17. Again, Defendant's November 17, 2020 Collection Letter listed the balance on the subject debt as $546.87, but yet, Defendant's portal listed the exact same debt as double the amount -- $1,093.74.

18. Defendant's conduct was confusing to Plaintiff and misled her about the nature of her purported obligation in connection with the subject debt.

19. Moreover, Plaintiff did not believe that the subject debt was variable (i.e. accruing interest and/or charges), but yet, given the significant increase in the balance of the subject debt, Plaintiff was unsure as to where this additional amount was coming from.

20. To add to Plaintiff's confusion, Defendant's Collection Letter did not mention that, due to any accruing interest and/or charges, the amount due on the day Plaintiff actually remits payment may be greater than the itemized amounts reflected in Defendant's November 17, 2020 letter.

21. Defendant's online portal also failed to inform Plaintiff why the balance increased.

22. Given the increase in the total balance and the fact that the subject debt was not variable, however, it is clear that Defendant's portal is falsely representing the amount of the subject debt.

23. Defendant's conduct was misleading to Plaintiff, and is similarly misleading and confusing to the unsophisticated consumer, as it left Plaintiff guessing as to her obligations in connection with the subject debt.

24. After a reasonable time to conduct discovery, Plaintiff believes she can prove that all actions taken by Defendant as described in this Complaint, *supra*, were taken willfully and/or with knowledge that its actions were taken in violation of the law.

25. Plaintiff justifiably fears that, absent this Court's intervention, Defendant will continue to attempt to collect the subject debt from her using abusive, deceptive and unlawful means, and ultimately cause her unwarranted financial harm.

26. Plaintiff has further suffered a violation of her state and federally protected interests as a result of Defendant's conduct.

27. Due to Defendant's conduct, Plaintiff was forced to hire counsel and her damages therefore include reasonable attorneys' fees incurred in prosecuting this action.

28. Due to Defendant's conduct, Plaintiff is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other debt collectors from engaging in the unlawful collection practices described in this Complaint, *supra*.

**COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

29. Plaintiff repeats and realleges paragraphs 1 through 28 as though fully set forth herein.

30. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

31. Defendant is engaged in the business of regularly collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others, and debt collection is the primary purpose of its business. Defendant

6

has also been a member of the Association of Credit and Collection Professionals ("ACA") since 1983.[2]

32. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a.     Violations of the FDCPA §§ 1692e and f

33. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

34. In addition, this section enumerates specific violations, such as:

> "The false representation of – the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A);
>
> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

35. Defendant violated §§ 1692e, e(2)(A), e(10), and f through its false and deceptive representations regarding the total balance of the subject debt in its Collection Letter and online portal. As indicated by Defendant's November 17, 2020 collection letter, the balance on the subject debt is $546.87.  Yet, upon logging into Defendant's portal, Plaintiff is notified that the subject debt is actually $1,093.74, which is exactly double the amount of the actual balance.  Defendant unfairly and

---

[2] http://www.acainternational.org/search#memberdirectory

7

deceptively set forth the incorrect and increased balance on its portal in order to extract additional payment from Plaintiff. Nowhere in Defendant's Collection Letter or its online portal does Defendant explain the reason for the significant increase, so Plaintiff was left guessing as to her actual obligations with regard to the subject debt.

### b.  Violations of the FDCPA § 1692g

36. The FDCPA, pursuant to 15 U.S.C. §1692g(a), requires debt collectors to provide consumers with various pieces of information regarding consumer's rights to dispute the validity of certain debts in the initial written communication with consumers. Pursuant to 15 U.S.C. § 1692g(a)(1), a debt collector must adequately provide "the amount of the debt."

37. Defendant violated § 1692g(a)(1) when it failed to adequately identify the amount of the debt in its communications to Plaintiff. Although Defendant's November 17, 2020 letter purports to outline the total amount due, as subsequently seen by Defendant's online portal, which set forth an increased balance, Defendant clearly provided Plaintiff with a false amount of the debt. Defendant doubled the balance of the subject debt in an effort to collect an amount that it was not authorized to collect. Defendant's failure posed a risk of harm to Plaintiff's ability to intelligently determine the best way for her to go about addressing the subject debt.

WHEREFORE, Plaintiff, CAROLINE FORONDA, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

38. Plaintiff restates and realleges paragraphs 1 through 37 as though fully set forth herein.

39. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

40. The subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

41. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

**a. Violations of RFDCPA § 1788.10 -1788.17**

42. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

43. As outlined above, through its false, deceptive, and misleading attempts to collect upon the subject debt, Defendant violated 1788.17; and §§1692e, f, and g. Defendant deceptively doubled the balance of the subject debt on its online portal in an effort to collect an amount from Plaintiff that was greater than what Defendant was contractually and/or legally entitled to collect. Defendant's conduct left Plaintiff confused as to her obligations regarding the subject debt.

44. Defendant willfully and knowingly violated the RFDCPA through its unlawful collection efforts. Defendant's willful and knowing violations of the RFDCPA should trigger this Honorable Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

WHEREFORE, Plaintiff, CAROLINE FORONDA, respectfully requests that this Honorable Court enter judgment in her favor as follows:

    a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

    b. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

    c. Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

    d. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c);

    e. Enjoining Defendant from further contacting Plaintiff; and

    f. Award any other relief as the Honorable Court deems just and proper.

1 | DATED this 11th day of December, 2020.

Respectfully submitted,

By: /s/ Neda Farah
**FARAH LAW, P.C.**
8383 Wilshire Boulevard
Suite 510
Beverly Hills, California 90211
Telephone: 310-666-3786
Facsimile: 775-261-1726
E-Mail: neda@nedafarahlaw.com
*Counsel for Plaintiff*